IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Barbara J. Guyton<br>Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC, as servicer for U.S. Bank National Association, as Identure Trustee of the GMACM Home Equity Loan Trust 2007-HE1<br>Movant<br>vs. | NO. 16-11473 MDC |
| Barbara J. Guyton<br>Debtor<br><br>Bernadine Voiro<br>Co-Debtor<br><br>William C. Miller Esq.<br>Trustee | 11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$4,475.08**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 2017 to April 2018 at $518.49/month |
| Suspense Balance: | $191.33 |
| **Total Post-Petition Arrears** | **$4,475.08** |

2. The Debtors shall cure said arrearages in the following manner:

a). Beginning on May 1, 2018 and continuing through April 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$518.49** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$373.93 from May 2018 to March 2019 and $361.85 for April 2019** towards the arrearages on or before the last day of each month at the address below;

Specialized Loan Servicing LLC
P.O. Box 636007
Littleton, Colorado 80163

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Moving Party shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Moving Party may file a Certification of Default with the Court and the Court shall enter an Order granting the Moving Party relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Moving Party shall file a Certification of Default with the court and the court shall enter an order granting the Moving party relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Moving Party of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The undersigned seeks court approval of this stipulation.

10.. The parties agree that a facsimile signature shall be considered an original signature.

Date:   May 10, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire

Date: 5/29/2018

David M. Offen, Esquire
Attorney for Debtor

Date: 6/1/18

William C. Miller
Chapter 13 Trustee

NO POSITION

*without prejudice to any trustee rights or remedies

Approved by the Court this __4th__ day of _____June_____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman